IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. STEWART,

Petitioner,

Civil action no. 5:12cv104
v.                                                      Criminal action no. 5:04cr18
(Judge Bailey)

UNITED STATES OF AMERICA,

Respondent.

## REPORT AND RECOMMENDATION

## I. Introduction

On July 6, 2012, the *pro se* petitioner, an inmate now incarcerated at Butner Low

Security FCI in Butner, North Carolina, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody (Dkt.# 73), alleging that pursuant to

the holding in United States v. Simmons,[1] he is no longer a career offender and is entitled to have

his sentence vacated for re-sentencing. This case, which is pending before me for initial review

and report and recommendation pursuant to LR PL P 83.15 is ripe for review.

## II. Facts

### A. Conviction and Sentence

On July 15, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty

to Count Two, possession with intent to distribute in excess of 50 grams of cocaine base, in

violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A). Petitioner further

agreed to admit to the forfeiture allegation set forth in the Indictment. In the plea agreement, the

parties stipulated and agreed to the total drug relevant conduct of between 50 and 500 grams of

cocaine base, approximately 170 grams of cocaine base. Additionally, the petitioner waived his

---

[1] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

right to appeal and to collaterally attack his sentence. On July 23, 2004, the petitioner entered his plea in open court. On December 1, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 262 months imprisonment.

## B. Appeal

Petitioner did not pursue a direct appeal.

## C. Federal Habeas Corpus

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 with a Memorandum in Support on November 21, 2005 (Dkts.# 41 and 42, respectively). Thereafter, petitioner also filed a motion for leave to file an Attachment to his §2255 motion. Petitioner asserted that counsel was ineffective for failing to adequately investigate the facts surrounding his arrest and for failing to move to suppress allegedly improperly-obtained evidence. Additionally, petitioner's attachment claimed that he was entitled to be resentenced under Blakely and Booker. Finally, in his reply, petitioner alleged that counsel failed to file an appeal as requested, asserting that he was entitled to an evidentiary hearing. By Order entered October 27, 2008, petitioner's §2255 motion was denied as to all grounds except an evidentiary hearing was set to address petitioner's reply allegation that counsel had failed to file an appeal as directed. On August 14, 2007, the evidentiary hearing was held; testimony was taken from petitioner and his former counsel. By Order entered October 27, 2008, petitioner's §2255 motion was denied as to the ground that petitioner had directed counsel to file an appeal.

On July 6, 2012, petitioner filed this instant §2255 motion, asserting two grounds: that pursuant to the holdings of United States v. Simmons and Carachuri-Rosendo v. Holder,[2] he is no longer a career offender and, presumably alternatively, that his §2255 motion can be converted to a motion pursuant to the All Writs Act, 28 U.S.C. §1651. Petitioner contends that his §2255 motion is timely because it is filed within one year of the date Carachuri-Rosendo announced "a new rule" that was retroactively applicable on collateral review."

As relief, he requests that his sentence be vacated and he be re-sentenced without the career offender designation.

**D.      Other Collateral Proceedings**

On January 28, 2008, petitioner filed a *pro se* motion for retroactive application of sentencing guidelines to crack cocaine offenses, pursuant to 18 U.S.C. §§3582(c)(2) and 3553(a). (Dkt.# 65). By Order entered on April 24, 2008, petitioner's motion was denied.

On November 3, 2011, petitioner filed a letter motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2). (Dkt.# 70). By Order entered on January 17, 2012, the motion was denied.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket because this court lacks jurisdiction, because this is a second and successive §2255 motion, for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

### III. Analysis

**Second and Successive §2255 Motions Prohibited**

---

[2] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. [3]

28 U.S.C. §2255.

---

[3] The undersigned notes that petitioner's reliance on Carachuri-Rosendo as stating a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable is premature because, despite petitioner's claims to the contrary, it has not been decided that Carachuri-Rosendo is retroactively available to cases on collateral review in the Fourth Circuit Court of Appeals. The Carachuri-Rosendo Court did not expressly state whether its ruling constituted a new rule of law. One district court in the Fourth Circuit has held that Carachuri-Rosendo is retroactively applicable to cases on collateral review because it established a new substantive rule of law. Farrior v. United States, Nos. 5:03-CR-356-H, 5:11-CV-263-H, 2011 WL 5921373, at *2 (E.D.N.C. Nov. 7, 2011). But see Walker v. United States, Nos. 7:07-CR-00076-1-BR, 7:10-CV-00176-BR, 2011 WL 1337409, at *3 (E.D.N.C. Apr. 7, 2011) (declining to apply Carachuri-Rosendo retroactively); Hickman v. United States, C.A. No. 4:10-70234, Crim. No. 4:08-507, 2010 WL 4721706, at *3-4 (D. S.C. Nov. 12, 2010) (rejecting argument that Carachuri-Rosendo represented a change in the law having retroactive effect); Powell v. United States, Nos. 5:10cv137-V-5, 5:03cr37-13, 2011 WL 32519, at *4 (W.D.N.C. Jan. 4, 2011) (same). However, the Powell court granted a certificate of appealability to decide whether the Supreme Court's decision in Carachuri-Rosendo recognized a new right, retroactively available on collateral review; that appeal is presently pending in the Fourth Circuit Court of Appeals; it is fully briefed and oral argument was held on May 18, 2012.

Furthermore, district courts in Florida, Nebraska, and Kentucky have also declined to retroactively apply Carachuri-Rosendo. See Stewart v. Warden, FCC Coleman-Low, No. 5:11-cv-98-Oc-29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011); United States v. Rodriguez-Mendez, No. 4:02CR3020, 2011 WL 3799943, at *4-5 (D. Neb. Aug. 29, 2011)(finding that Carachuri-Rosendo announced a new procedural rule but that this rule was not retroactively applicable to petitioner's § 2255 motion); Thomas v. Holland, No. 0:10-CV-00098-HRW, 2011 WL 3446373, at *5 (E.D. Ky. June 15, 2011).

Moreover, even assuming, arguendo, that Carachuri-Rosendo is retroactively applicable to cases on collateral review, petitioner's § 2255 motion would still be untimely under 28 U.S.C. §2255(f)(3). Carachuri-Rosendo was decided on June 14, 2010, not June 14, 2011, as petitioner contends. Under 28 U.S.C. § 2255(f)(3), Petitioner would have had until June 14, 2011 to file his §2255 motion; he did not file his motion until July 6, 2012.

As for petitioner's reliance on United States v. Simmons, although Simmons was decided by the Fourth Circuit Court of Appeals on August 17, 2011, petitioner cannot rely on it as grounds for filing a successive §2255 motion, because a new right recognized by a circuit court of appeals, rather than the Supreme Court, does not qualify petitioner for relief pursuant to §2255(f)(3). Section 2255(f)(3) expressly applies only to a right that "has been newly recognized by the Supreme Court."

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4ᵗʰ Cir. 2002). Petitioner's first § 2255 motion was dismissed on the merits, and thus he is barred from filing a subsequent motion without leave of the Fourth Circuit. *See* Shoup v. Bell & Howell Co., 872 F.2d 1178 (4ᵗʰ Cir. 1989); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6ᵗʰ Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[3] Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4ᵗʰ Cir. 2003). Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4ᵗʰ Cir. 2003).

## IV. Recommendation

For the forgoing reasons, the undersigned recommends that the Court enter an Order **DENYING with prejudice** petitioner's motion and dismissing the case from the docket.

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by August 10, 2012**, written objections

---

[3] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also e submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert denied,* 467 U.S. 1208 (1984). The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: July 27, 2012.

/s/ James E. Seibert_____
JAMES M. SEIBERT
UNITED STATES MAGISTRATE JUDGE