IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON L. STEWART,

    Petitioner,

v.                                              Civil Action No. 5:12CV104
                                                            (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On July 15, 2004, the petitioner signed a plea agreement by which he plead guilty to possession with the intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The plea agreement also contained a waiver of appellate rights, whereby the petitioner waived his right to appeal or collaterally attack his sentence. The petitioner was then sentenced to 262 months of incarceration. The petitioner did not pursue a direct appeal of his sentence.

On November 21, 2005, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

custody pursuant to 28 U.S.C. § 2255.  The petitioner asserted that counsel was ineffective for failing to adequately investigate the facts surrounding his arrest and for failing to move to suppress allegedly improperly-obtained evidence.  Further, he claimed he was entitled to be re-sentenced and his counsel failed to file an appeal as requested.  After an evidentiary hearing regarding the petitioner's claim concerning his counsel's failure to file an appeal, his § 2255 was denied in full.

On July 6, 2012, the petitioner filed the instant § 2255 motion, wherein he asserts that he is no longer a career offender based on certain United States Supreme Court rulings, and his § 2255 motion can be converted to a motion pursuant to the All Writs Act, 28 U.S.C. § 1651.  The petitioner contends that his motion is timely because he filed it within one year of the Supreme Court holding in <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), which he believes establishes a new rule as to career offender designations.  As relief the petitioner requests that this Court vacate his sentence and that he be re-sentenced without the career offender designation.  This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

Thereafter, magistrate judge entered a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice.  The magistrate judge

2

advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner then filed objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 petition must be denied and dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Title 28, United States Code, Section 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

3

> to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  A § 2255 petition is successive when the first petition was dismissed on the merits.  <u>Harvey v. Horan</u>, 278 F.3d 370, 379 (4th Cir. 2002).

In this case, this petitioner's first § 2255 petition was considered and denied on the merits.  The petitioner's current motion is a subsequent petition under § 2255, which challenges the same sentence that was challenged in his first § 2255 motion.  The petitioner did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in this Court.  Because the petitioner did not obtain the appropriate authorization from the Fourth Circuit to file a second or successive § 2255 petition, this Court must dismiss petitioner's motion for lack of jurisdiction.

In his objections to the magistrate judge's report and recommendation, the petitioner argues that his § 2255 petition can be characterized as a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651.  Thus, he argues that his petition should not be dismissed as a successive § 2255 petition.  This Court finds such objections to be without merit.

A court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001) (citations omitted).

The district court for the Eastern District of Virginia summarized what the defendant must show in order to obtain coram nobis relief as follows:

> (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to flow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion.

5

Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005) (citing Scates v. United States, 914 F.2d 249 (4th Cir. 1990); and Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

Even if the petitioner could establish the elements necessary to obtain coram nobis relief, the petitioner remains in federal custody. Accordingly, such relief is not available to the petitioner for that reason alone. Johnson, 237 F.3d at 755 (citations omitted). Thus, the petitioner's objections do not affect the above findings that the petition must be dismissed for lack of jurisdiction.

## IV. Conclusion

For the reasons stated above, based upon a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability for this civil action, in which this Court finds that it lacks jurisdiction because the petitioner has not yet petitioned the Court of Appeals for a certificate of appealability to file a successive habeas petition. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability for this civil action.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

However, as mentioned above, 28 U.S.C. § 2255(h) provides that a petitioner may move the appropriate court of appeals for an order authorizing the district court to consider the application. Accordingly, the petitioner may move for a separate certificate of appealability requesting such an order. This separate motion would

be for a certificate of appealability requesting permission to file a successive habeas petition, not a certificate of appealability to appeal this memorandum opinion and order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 19, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE